## ALLEN *vs.* THOMPSON.

Where a promise to pay the debt of another is founded upon a new considera-
tion, distinct from and independent of the debt, and one which passes be-
tween the parties to the new contract, the case is not within the statute of
frauds, and no writing is necessary to its validity.

The plaintiff had obtained the account book of his debtor, as a pledge to secure
the debt; and the defendant, in consideration that the plaintiff would deliver
the book to one B., to collect the demands, verbally promised the plaintiff to
pay him the amount due from the debtor, if B. should not collect enough for
that purpose—*Held* that the contract was not within the statute of frauds.

ASSUMPSIT. The declaration alleged that one John Rich-
ardson, being indebted to the plaintiff in the sum of $27·05,
and having delivered to the plaintiff his book of account, as
a pledge to secure the debt, the defendant, in consideration
that the plaintiff would deliver the said book to one Bryant,
to collect the amount due on the book, promised the plaintiff
to pay him the amount due from Richardson to the plaintiff,
provided Bryant should not collect enough for that pur-
pose.

The cause was tried upon the general issue, when the
plaintiff introduced evidence tending to prove a contract as
alleged in the declaration, but no part of the evidence was in
writing.

On the part of the defendant, it was insisted that the con-
tract was within the statute of frauds, and that no action could
be maintained upon it, because it was not in writing. But
the court instructed the jury that the promise was not a collat-
eral, but an original, undertaking, founded on a consideration
arising between the plaintiff and defendant themselves; and
that it was not necessary, in order to entitle the plaintiff to
recover, that the promise should be in writing.

Under these directions the jury returned a verdict for the
plaintiff, and the defendant moved for a new trial, on the
ground of a misdirection.

Allen *v.* Thompson.

*A. Baker,* for the defendant, cited and commented on, 7 *D. & E.* 201, *Chater* vs. *Beckett ;* 2 *East* 325, *Castling* vs. *Aubert ;* 17 *Mass. R.* 22, *Packard* vs. *Richardson ;* 7 *Johns. R.* 463, *Slingerland* vs. *Morse ;* 1 *Salk.* 25, *Meredith* vs. *Short ;* 1 *Wils.* 305, *Read* vs. *Nash ;* 1 *New. Rep.* 124, *Anstey* vs. *Marden ;* 5 *Mod.* 205, *Stephens* vs. *Squire ;* 2 *Wils.* 94, *Fish* vs. *Hutchinson ;* 12 *Johns. R.* 291, *Jackson* vs. *Rayner ; Tho. Raym.* 450, *Case* vs. *Barber ;* 1 *B. & P.* 158, *Keate* vs. *Temple ;* 2 *N. H. R.* 356, *Underhill* vs. *Gibson ;* 1 *Saund.* 211, *note ;* 3 *Burr.* 1886, *Williams* vs. *Leper ;* 5 *East* 10, *Wain* vs. *Warlters ;* 3 *Esp. R.* 86, *Houlditch* vs. *Milne.*

*Luke Woodbury,* for the plaintiff.

PARKER, C. J. The defence, in this case, is based upon the clause in the act to prevent frauds and perjuries, which provides that no action shall be brought " whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person," unless such promise, or some memorandum or note thereof, be in writing, &c.

It has been contended, with great earnestness, that the promise set forth in this case, is a promise to answer for the debt of another, and so within the condemnation of the statute, there being no writing.

There is no doubt that the promise of the defendant was made with reference to the debt which, before that time, was due to the plaintiff from Richardson. The amount which the plaintiff is entitled to recover, if the action is maintained, must be measured by what was due from Richardson at the time when the defendant entered into the contract ; and, although it does not appear very distinctly from the facts reported, it is not improbable that a recovery by the plaintiff may operate to discharge his claims against Richardson. To a certain extent it seems to be collateral to the debt of Richard-

son; but there are facts in the case which, on well settled authorities, show that this is to be regarded as an original contract.

The plaintiff had obtained an assignment of the books of Richardson, as a security for his debt. The defendant, for what particular reason does not appear, nor is it important, was desirous of having the books placed in the hands of Bryant, for the purpose of collecting the demands. Whether it was that he had a desire to aid Richardson, or to advance the interest of Bryant, or because he had an interest in the collection himself, subject to the rights of the plaintiff, is immaterial. He requested the plaintiff to consent to that arrangement, and to induce him to do so, promised to pay the plaintiff the amount due from Richardson, if Bryant should not collect enough to pay him. The plaintiff, on this request of the defendant, parted with the books which he possessed; and from which he seems to have had a right to pay himself, if he was able to collect sufficient; and the defendant, in consideration that the plaintiff would thus part with the books, and permit Bryant to collect the demands, made the promise in question. The right of the plaintiff to hold the books, it is true, depended upon his debt against Richardson; and the sum to be paid to him was the amount of that demand; but it was not, by the promise, to be paid in consideration that Richardson owed the debt, but in consideration that the plaintiff would surrender the books.

It is said, 2 *Stark. Ev.* 596, " any person may bind himself by an express parol promise, founded upon a new consideration, to pay the amount of another person's debt." This, however, upon the cases decided, is stated rather too broadly. By parol promise, a verbal promise is intended. Where there is a verbal promise to pay the amount of the debt of another, in consideration that the creditor will forbear to sue for a limited time, the forbearance is a new consideration, upon which the promise is founded. But such cases are held to be within the statute. 2 *Stark. Ev.* 597; 2 *Ld. Raym.* 1087; *Bull.*

*N. P.* 281, *Rothery* vs. *Curry;* 2 *Strange* 873, *King* vs. *Wilson;* 4 *Johns. R.* 422, *Simpson* vs. *Patten.* And so of a promise to pay, in consideration that the plaintiff would stay an action for a debt, or would not bring an action to recover damages for a tort. 2 *Wils. R.* 94, *Fish* vs. *Hutchinson;* 12 *Johns. R.* 291, *Jackson* vs. *Rayner;* 2 *Barn. &* *Ald.* 613, *Kirkham* vs. *Marten.*

In cases of mere forbearance, there is no consideration independent of the debt, the forbearance being of the debt itself; and it may, perhaps, be said, that this consideration, being thus connected with the debt, moves only between the parties to the original contract, although the delay is at the request, and on the promise, of a third person.

But in this case there is not only a new consideration, but one which is distinct from, and independent of the debt; and the delivery of the books to Bryant, on the defendant's request, being in effect the same as a delivery to the defendant himself, this new consideration passes between the parties to the new contract. The authorities are clear that cases of this description are not within the statute, and no writing is necessary to make the contract valid. 3 *Burr.* 1886, *Williams* vs. *Leper;* 3 *Esp. R.* 86, *Houlditch* vs. *Milne;* 2 *East R.* 325, *Castling* vs. *Aubert;* 6 *Car. & Payne* 752, *Walker* vs. *Taylor;* 4 *Bing.* 264, *Bampton* vs. *Paulin;* 4 *Taunt.* 117, *Barrell* vs. *Trussell;* 10 *Barn. & Cres.* 664, *Thomas* vs. *Williams;* 2 *Stark. Ev.* 596, *and note* 2; 9 *Pick. R.* 306, *Towne* vs. *Grover;* 7 *Johns. R.* 463, *Slingerland* vs. *Morse;* 18 *Johns. R.* 12, *Olmstead* vs. *Greenly;* 4 *Cowen's R.* 432, *Farley* vs. *Cleveland;* 9 *Cowen* 639, *S. C. in Error;* 10 *Wendell* 462, *Mercein* vs. *Mack;* 2 *N. H. R.* 358, *Underhill* vs. *Gibson.*

*Judgment for the plaintiff.*